Per Curiam.

There seems to be no doubt, that according to the later decisions in England, and several cases in our own books, a tenant for life,[1] years,[2] or for will,[3] may at the expiration of his estate remove from the freehold all such improvements as were erected or placed there by him, the removal of which will not injure the premises or put them in a worse plight than they were in when he took possession.
The articles sued for in this action are of this description. A padlock can in no sense be called a fixture, for it can be taken away without injuring or defacing the building. If put there by the landlord, or by the tenant in lieu of one found there, it would be the landlord’s property, though not *325 a fixture The same thing may be said of the boards used n the binns. They were loose, and movable without any injury to the freehold.[4]
The principles of the civil and common law, as read from the books, are not called in question as they relate to the rights of heirs and executors, but the doctrine has been qualified in regard to landlords and tenants.[5]

Judgment affirmed.

 There is a great want of legal accuracy in saying that tenants for life may remove any thing from the freehold at the expiration of their estates. They may remove during the continuance of their estate, and their executors or administrators may remove at the expiration thereof. See 2 Stark. Ev. (5th Amer. ed.) 908, n. (S); 10 Amer. Jurist, 60; Lawton v. Lawton, 3 Atk. 13; Amos & Ferard on Fixtures, 96; Gibbons on Fixtures, 42, (No. 39 Law Libr. p. 42.)

 It seems to be well established by a long course of decisions, that a tenant holding for a term certain, as for years, must remove from the freehold all improvements, erected or placed there by him, before the expiration of his term; if he fails to remove during his term, he loses his right to do so at all. See 20 Hen. 7. 13; 21 Hen. 7. 26, 27; Poole’s case, 1 Salk. 368; Ex parte Quincy, 1 Atk. 477; Elwes v. Maw, 3 East, 48; Lee v. Risdon, 7 Taunt. 190; Colegrave v. Dios Santos, 2 Barn. & Cressw. 76; Lyde v. Russell, 1 Barn. & Adol 394; 4 Kent’s Comm. (3d ed.) 346; 2 Stark. Ev. (5th Amer. ed.) 908 and n. (S); 10 Amer. Jurist, 60; Van Ness v. Pacard, 2 Peters, 145; Gibbons on Fixtures, 38 to 43, (No. 39 Law Libr. 38 to 43.)

 A tenant at will has a reasonable time after the determination of his tenancy, for the removal of his family and property. Ellis v. Paige, 1 Pick. 43. He would doubtless have the same time allowed him for the removal of things which he had fixed to the freehold, and which he might by law remove. See Doty v. Gorham, 5 Pick. 490; Amos & Ferard on Fixtures, 96 10 Amer. Jurist, 60; Gibbons on Fixtures, 42, (No. 39 Law Libr. 42.)

 Amos & Ferard, in their work on Fixtures, (p. 2,) define fixtures to be “ personal estate attached to the freehold, which may be removed against the will of the owner of the land.” See 4 Kent’s Comm. (3d ed.) 344, 345. The padlock and the boards would both seem to come within this definition.

 See 4 Kent’s Comm. (3d ed.) 345; 2 Stark. Ev. (5th Amer. ed.) 908, a 'S); 10 Amer. Jurist, 56 to 31; Van Ness v. Pacard, 2 Peters, 143.